**FILED**

AUG 1 2 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKCOUNTRY AGAINST DUMPS; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JIM ABBOTT; et al.,<br><br>Defendants. | CASE NO. 10-cv-1222 BEN (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO STRIKE PLAINTIFFS' REPLY MEMORANDUM AND REPLY DECLARATION OF DAVID HOGAN IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL**<br><br>**(2) DENYING AS MOOT EX PARTE APPLICATION TO SHORTEN TIME ON MOTION TO STRIKE**<br><br>[Docket Nos. 202, 203] |

Presently before the Court is Defendant-Intervenor SDGE's (1) Motion to Strike Plaintiffs' Reply Memorandum and Reply Declaration of David Hogan in Support of Motion for Injunction Pending Appeal ("Motion"), and (2) Ex Parte Application to Shorten Time on Motion to Strike Plaintiffs' Reply Memorandum and Reply Declaration of David Hogan in Support of Motion for Injunction Pending Appeal ("Ex Parte Application").

First, this Order will consider the Motion. In the Motion, SDGE argues that Plaintiffs' Reply should be stricken because (1) the reply memorandum exceeds the page limits set by Civil Local Rule 7.1.h, and (2) Plaintiffs raise new arguments not raised in their original motion. The reply memorandum is twenty pages, ten pages longer than the limit set by Local Rule 7.1.h. Plaintiffs also cite nineteen new cases. However, Plaintiffs do not raise new issues that were not previously

1   addressed by Defendants or SDGE. Although Plaintiffs advance a different standard governing when
2   a court may grant a motion for injunction pending appeal, they do so only to conform to the standard
3   that SDGE articulated in its opposition brief. (*See* Pl. Reply [Docket No. 201] (no longer applying the
4   standard from *Golden Gate Restaurant Association v. City and County of San Francisco*, 512 F.3d
5   1112, 1115 (9th Cir. 2008), which was discussed in Plaintiffs' motion).) SDGE may not fault
6   Plaintiffs for "wrongly want[ing] the Court to rely on pre-*Winter* case law for the applicable standard"
7   (SDGE Opp. at 4 n.2), then fault the Plaintiffs again for heeding their argument. Furthermore,
8   Plaintiffs rely on *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), in both their
9   motion and reply. It is true that "a court may strike material from the docket, including portions of a
10  document, reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones*
11  *v. Metro. Life Ins. Co.*, No. 08-03971, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010). This
12  power, however, is discretionary. The Court declines to exercise this power here.

13  In addition, SDGE argues that the Declaration of David Hogan should be stricken because it
14  contains improper lay-opinion testimony in violation of Federal Rules of Evidence 701 and 702.
15  Courts, however, may consider otherwise inadmissible evidence at the preliminary injunction stage.
16  *See, e.g., Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir.2010) ("[H]earsay evidence may be
17  considered by a district court in determining whether to grant a preliminary injunction."); *Levi Strauss*
18  *& Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995) ("At the preliminary injunction
19  stage, a district court may rely on affidavits and hearsay materials which would not be admissible
20  evidence for a permanent injunction, if the evidence is appropriate given the character and objectives
21  of the injunctive proceeding." (internal quotation marks ommitted)); *Sierra Club v. F.D.I.C.*, 992 F.2d
22  545, 551 (5th Cir.1993) ("[A]t the preliminary injunction stage, the procedures in the district court are
23  less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay
24  evidence."). Accordingly, SDGE's Motion is **DENIED**.

Second, this Order will consider the Ex Parte Application. As this Order disposes of the Motion, the Ex Parte Application is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: August /2, 2011

HON. ROGER T. BENITEZ
United States District Court Judge